Filed 8/18/25 P. v. Lopez CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B339047 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA358153) |
| v. | |
| JONATHAN LOPEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Eleanor J. Hunter, Judge. Affirmed.

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Roberta L. Davis and Lauren N. Guber, Deputy Attorneys General, for Plaintiff and Respondent.

# I.    INTRODUCTION

In 2010, a jury convicted defendant Jonathan Lopez of second degree murder (Pen. Code, § 187, subd. (a)[1]) and found true firearm allegations under section 12022.53, subdivisions (b) through (d) and a gang allegation under section 186.22, subdivision (b)(1)(C).  Defendant was 15 years old at the time of the murder.  The trial court sentenced defendant to 40 years to life in state prison.  A prior panel of this court affirmed defendant's conviction.  (*People v. Lopez* (Feb. 16, 2012, B230093, B234717) [nonpub. opn.].)  In 2024, defendant filed a petition for recall and resentencing under section 1170, subdivision (d)(1)(A) and *People v. Heard* (2022) 83 Cal.App.5th 608 (*Heard*).  The court, without appointing counsel or holding a hearing, denied the petition ruling that defendant's sentence was not the functional equivalent of life without the possibility of parole (LWOP).  We affirm.

# II.    BACKGROUND

In May 2024, defendant filed a petition for recall and resentencing.  He supported his petition with certificates and other documents demonstrating that he had participated in numerous prison programs.  He also submitted a May 25, 2022, psychological assessment report that addressed various factors under *People v. Franklin* (2016) 63 Cal.4th 261.  That report stated defendant was "not being treated with any medication," he showed intact grooming and hygiene, and his "thinking was clear, linear, and goal directed."  Further, defendant reported that he

---

[1]    Further statutory references are to the Penal Code.

2

had never been diagnosed with a mental health condition. Defendant had worked in the prison laundry and kitchen and on a prison yard crew.

## III.   DISCUSSION[2]

Section 1170, subdivision (d)(1)(A) provides:  "When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing." Although section 1170, subdivision (d)(1)(A) thus applies, by its terms, to those juvenile offenders sentenced to "imprisonment for life without the possibility of parole," the Attorney General concedes that under *People v. Sorto* (2024) 104 Cal.App.5th 435 (*Sorto*) and *Heard, supra*, 83 Cal.App.5th 608 juvenile offenders who have been sentenced to the functional equivalent of LWOP are also entitled to relief under section 1170, subdivision (d)(1)(A).

Given the Attorney General's concession, we will assume for purposes of this appeal that juvenile offenders who are sentenced to the functional equivalent of an LWOP sentence are entitled to relief under section 1170, subdivision (d)(1)(A). Accordingly, we consider whether defendant's 40-years-to-life sentence is the functional equivalent of LWOP.  Our Supreme Court has granted review in a case that will likely bear on the analysis of whether defendant's sentence of 40 years to life is the

---

[2]    We omit a recitation of the facts of defendant's underlying offense as they are not relevant to the issue on appeal.

3

functional equivalent of LWOP.  (*People v. Munoz* (2025) 110 Cal.App.5th 499, rev. granted June 25, 2025, S290828.)  Pending any further guidance, we hold it is not.  Indeed, defendant's sentence is readily distinguishable from the indeterminate sentences of 23 years plus 80 years to life imposed on the juvenile in *Heard, supra*, 83 Cal.App.5th at page 612 and the 10 years plus 130 years to life imposed on the juvenile in *Sorto, supra*, 104 Cal.App.5th 435 at page 440.  Defendant's sentence is also shorter than the 50- and 58-year sentences imposed on the juveniles in *People v. Contreras* (2018) 4 Cal.5th 349 at page 356. Even putting aside defendant's eligibility for a youthful offender parole hearing, and even assuming that defendant receives no conduct credit, defendant will be, at most, 55 years old at the time he becomes eligible for parole.  Given that defendant is in sufficiently good health that he is not being treated by any medication and is able to work physically demanding prison jobs, we conclude that for this defendant, 55 is a sufficiently young age to permit defendant to reintegrate into society as a productive and respected citizen.  (See *id.* at p. 368.)  The trial court therefore did not err when it concluded that defendant had not been sentenced to the functional equivalent of LWOP.

## IV.   DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM (D.), J.


We concur:



HOFFSTADT, P. J.



BAKER, J.


5